IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYTI MYERS,  :
    Plaintiff  :
      : No. 1:18-cv-00940
    v.  :
      : (Judge Kane)
PENNSYLVANIA DEPARTMENT  :
OF CORRECTIONS, et al.,  :
    Defendants  :

**MEMORANDUM**

Before the Court is pro se Plaintiff Rayti Myers' complaint filed pursuant to 28 U.S.C. § 1983 (Doc. No. 1), motion for leave to proceed in forma pauperis and supplement (Doc. Nos. 2, 8), and motions for a temporary restraining order and for a preliminary injunction. (Doc. Nos. 4, 5). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform its mandatory screening of the complaint.

**I. BACKGROUND**

Plaintiff is currently confined at the State Correctional Institution Rockview, Bellefonte, Pennsylvania ("SCI-Rockview"). Plaintiff alleges that he has two pair of Timberland boots that he purchased through the prison's commissary at $92.50 a pair. (Doc. No. 1 at 1.) On March 26, 2018, Plaintiff alleges that he received a mandate from the Pennsylvania Department of Corrections ("DOC"), indicating that all prisoners' Timberland boots will be confiscated by May 11, 2018, and that prisoners will not receive reimbursement for this projected taking of their personal property. (Doc. Nos. 1, 4, 5.) On April 3, 2018, Plaintiff claims that the DOC issued a revised memorandum informing prisoners that they could mail their Timberland boots to someone outside prison or could donate them but no refund would be issued. (Doc. No. 1 at 2.)

1

On April 4, 2018, Plaintiff filed a grievance requesting reimbursement for his Timberland boots. (Id. at 11.) On April 13, 2018, Plaintiff received a response to his grievance which indicated that he would not be reimbursed for his Timberland boots. (Id. at 2, 11.) Plaintiff alleges that Defendants should not be allowed to take his property without compensation. (Id. at 1-3.) Named as Defendants are the DOC and the Timberland Boot Company. (Id. at 1, 3.) Plaintiff also seeks an injunction to prohibit Defendants from taking his boots. (Doc. Nos. 4, 5.)

## II. LEGAL STANDARD

### A. Screening of Plaintiff's Complaint

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3

(M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the

complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of pro se prisoner litigation specifically, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### B. Civil Rights Statute, 42 U.S.C. § 1983

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of respondeat superior. Santiago, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under §

1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

### C. Preliminary Injunction/Temporary Restraining Order

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. See Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Bd. of Tr. of Bloomsburg State Coll., 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. Continental Group, Inc. v. Amoco Chemical Corp., 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is irreparable. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis in original).

### III. DISCUSSION

#### A. Pennsylvania Department of Corrections

As an initial matter, any claim against the Pennsylvania Department of Corrections is barred by the Eleventh Amendment and must be dismissed. The Eleventh Amendment provides that each state is a sovereign entity and a sovereign is not amenable to suit unless it consents. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." Kimel v. Fla. Bd. of Regents, 428 U.S. 62, 73 (2000). As the "Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity." Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). Such immunity may be lost only if the Commonwealth waives its immunity or if Congress abrogated the States' immunity. Id.

The Commonwealth of Pennsylvania has expressly withheld its consent to be sued, and Congress has not expressly abrogated this constitutional immunity. See Pa. Const. Stat. Ann., tit. 2, § 8521(b); Lavia, 224 F.3d at 195; Williard v. Pennsylvania, Civ. No. 94-4309, 1996 WL 334374 (E.D. Pa. 1996) (stating that it is a "well-established proposition that the Commonwealth of Pennsylvania has not consented to actions against it in federal court, and thus has not waived its Eleventh Amendment immunity from lawsuits by its citizens").

Additionally, it is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Consequently, Plaintiff's claims against the Commonwealth of Pennsylvania Department of Corrections are barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal rights statute, 42 U.S.C. § 1983. Therefore, all claims against the Pennsylvania Department of Corrections must be dismissed with prejudice.

### B. Timberland Boot Company

Plaintiff also names as a Defendant the Timberland Boot Company. (Doc. No. 1.) The allegation against the Timberland Boot Company is that it "bear[s] responsibility of the refund because [the Timberland Boot Company] failed to ensure that the purchase of their boots using their name would not result in Plaintiff losing the money paid for the boots." (Id. ¶ 17.)

In order to set forth a viable § 1983 claim, a plaintiff must plead, among other things, that the conduct complained of was committed by a person acting under color of state law. See Natale v. Camden Cty. Corr. Fac., 318 F.3d 575, 580-81 (3d Cir. 2003). Generally, a private

company is not a state agency. See Conway v. King Pharmeceuticals, Inc., No. 3:cv-08-00303, 2008 WL 4128088, at *1 (M.D. Pa. Sept. 4, 2008) (A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law); Thomas v. Penn Waste, Inc. No. 1:13-cv-2290, 2013 WL 5522840, at *8 (M.D. Pa. Oct. 3, 2013) (same). Accordingly, the Timberland Boot Company, a private company, is not a proper Defendant under § 1983 and therefore, all claims against it must be dismissed with prejudice.

### C. PLRA Exhaustion

The PLRA "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. § 1997(e)(a); Jones v. Bock, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e).

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under § 1983. See Perazzo v. Fisher, Civ. No. 11-1505, 2012 WL 1964419 (M.D. Pa. May 31, 2012) (citing 42 U.S.C. § 1997(e)(a)); Jones v. Lorady, Civ. No. 11-666, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint sua sponte for failure to exhaust administrative remedies prior to initiating federal action). "[I]t is beyond the power . . . of any [court] to excuse

compliance with the exhaustion requirement" of § 1997(e). Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by a defendant, and a prisoner need not allege that he has exhausted his administrative remedies, Jones, 549 U.S. at 216, the Court may sua sponte dismiss an action where the Plaintiff's failure to exhaust is clear on the face of the complaint. McPherson v. United States, 392 F. App'x 938 (3d Cir. 2010); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); see also Booth v. Churner, 2016 F.3d 289 (3d Cir. 2000) (affirming sua sponte dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies); Perazzo, 2012 WL 1964419, at *1 (dismissing case sua sponte for failure to exhaust administrative remedies where plaintiff indicated in the complaint that the grievance process was not complete but was at the "last stage").

In order to properly exhaust, the prisoner must complete the administrative review process in accordance with the procedural rules governing the prison grievance system. Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88) (citation omitted); see also Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002) ("Section 1997e(a) does not delineate the procedures prisoners must follow."). "Substantial compliance" with the statutory exhaustion requirement is insufficient. Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements . . . that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. Thus, an inmate's "grievances must contain the sort of information that the administrative system requires." Strong, 297 F.3d at 649. If a prison's regulations do not delineate the particular content a

9

grievance must include, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. . . . [T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) (quoting Strong, 297 F.3d at 650).

DC-ADM 804 establishes a three-tiered administrative remedy process by which an inmate may seek formal review of an array of issues arising during the course of confinement. 37 Pa. C.S. § 93.9(a); see also DOC Policies, Policy No. DC-ADM 804, Inmate Grievance System, available at www.cor.state.pa.us. Specifically, the grievance process consists of an initial review of a grievance filed with the Facility's Grievance Coordinator within fifteen (15) days from the date of the underlying incident, an appeal to the Facility Manager of the institution or designee within fifteen (15) days of an adverse decision from the Facility's Grievance Coordinator, and an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen (15) days of the Facility Manager's adverse decision for a final review. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

While it "is beyond the power of t[he] court . . . to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis," the Third Circuit has recognized a narrowly-defined exception to the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000). Specifically, where the actions of prison officials directly cause the procedural default, the inmate may not be held to strict compliance with the exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). However, an inmate's failure to exhaust will only be excused upon a showing from the inmate that "he was misled or that . . .

10

some extraordinary reason . . . prevented [him] from complying with the statutory mandate." Warman, 49 F. App'x at 368.

Here, there is no question that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. Specifically, Plaintiff alleges that he received a denial response from his initial grievance on April 13, 2018. (Doc. No. 1 ¶ 8, p. 11.) Plaintiff's complaint was mailed on April 24, 2018 and received by the Court and docketed on April 27, 2018. (Doc. No. 1.) Consequently, it is clear from the face of the complaint that Plaintiff has failed to exhaust his administrative remedies prior to filing the instant complaint. Because the PLRA requires exhaustion prior to the initiation of Plaintiff's claims in federal court and this Court cannot excuse compliance with those requirements, sua sponte dismissal of this action without prejudice is appropriate. See Ibarra v. U.S.P. Allenwood, No. 1:06-cv-1160, 2007 WL 465537, at *5 (M.D. Pa. Feb. 9, 2007).

Moreover, in light of the fact that the DOC and the Timberland Boot Company are not proper defendants in a Section 1983 action, the Court finds that it would be futile to permit Plaintiff leave to amend his claims against either of these Defendants. See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (providing that the futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted). Additionally, because it is evident from the face of his complaint that Plaintiff has not met the administrative exhaustion requirements pertaining to his claims, permitting him leave to amend the complaint to name appropriate Defendant(s) at this juncture would be premature. See Ibarra, 2007 WL 465537, at *5.

### D. Preliminary Injunction/Temporary Restraining Order

Plaintiff also seeks an order prohibiting Defendants from taking his boots without compensation. (Doc. Nos. 4, 5.) The Court notes that this matter appears to be moot given that Plaintiff alleges that appropriate arrangements for the Timberland boots were to be made by May 11, 2018. (Doc. No. 1.) Nonetheless, even if the Court were to consider the merits of Plaintiff's request for preliminary injunctive relief, Plaintiff has not made the demanding showing for this extraordinary form of relief because monetary damages generally provide an adequate remedy at law for the loss of such personal property items. See Boyd v. Larson, No. 16-cv-1789, 2017 WL 1904278, at *6 (M.D. Pa. Apr. 21, 2017). Plaintiff has not provided any reason why monetary damages could not fully compensate him for the loss of his boots. Id.

As articulated by Third Circuit, the "availability of adequate monetary damages belies a claim of irreparable injury." Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988); see also In re Aruthur Treacher's Franchisee Litig., 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a . . . loss capable of recoupment in a proper action at law."); see also Murray, 415 U.S. at 90 ("The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm."). Moreover, the availability of the prison grievance system for Plaintiff to challenge the confiscation of his boots also warrants the denial of the preliminary injunction. See Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (affirming denial of preliminary injunction and providing that grievance system is available to prisoners to challenge seizure of property).

In addition to the foregoing reasons, Plaintiff has also failed to demonstrate a likelihood of success on the merits, in light of the fact that he cannot maintain a civil rights action against

the DOC or the Timberland Boot Company.  See 308 Highway 35, Inc. v. Borough of Eatontown, 90 F. App'x 633, 635 (3d Cir. 2004).  Consequently, Plaintiff's motions for a preliminary injunction and temporary restraining order will be denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2), will be granted, and Plaintiff's complaint (Doc. No. 1), will be dismissed without prejudice.  Finally, Plaintiff's motion for preliminary injunctive relief/temporary restraining order (Doc. Nos. 4, 5), will be denied.  An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania